IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARIA OROSCO, #14231078** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv583 |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Maria Del Rasario Orosco filed "Motion to Vacate Under 28 U.S.C § 2241 for Ineffective Counsel in Not Filing Timely A Notice When Expressly Told My Defense Counsel To Do So Resulting in Dismissal of Both Appeals Under 28 U.S.C. § 2255" (Dkt. #1). The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. BACKGROUND OF THE CASE

On September 10, 2007, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of 21 U.S.C. § 846. *See* Crim. ECF 4:07cr42(6) at Dkt. # 870. On December 19, 2007, the District Court sentenced Petitioner to 240 months' imprisonment. *Id.* at Dkt. # 1198. Petitioner did not file a direct appeal; however, she filed motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 10, 2012, Petitioner filed her first § 2255 motion, which was denied because it was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Civ. ECF 4:12cv585. On September 30, 2016, Petitioner filed a

second § 2255 motion, which was dismissed for lack of jurisdiction because it was a successive motion, and Petitioner had not obtained permission from the Fifth Circuit to file it. *See* Civ. ECF 4:16cv757. On May 13, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she again challenged her conviction. It was appropriately recharacterized as a § 2255 motion and dismissed for lack of jurisdiction because it was successive. *See* Civ. ECF 4:19cv362.

In the instant case, Petitioner asserts she is entitled to relief from her conviction based on a 2019 Supreme Court case. She does not show that the Fifth Circuit granted permission for her to file a successive § 2255 motion. Instead, Petitioner claims that she is entitled to bring her motion for relief under 28 U.S.C. § 2241 based on the Savings Clause of 28 U.S.C. § 2255. The Government was not ordered to file a response.

## II. DISCUSSION

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 452-54 (5th Cir. 2000). Section 2255 is the primary means of collaterally attacking a federal sentence. Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition that attacks errors that occur at pre-trial, trial, or sentencing is properly construed under § 2255. Accordingly, a § 2241 petition that attacks errors that occurred before trial, at trial, or at sentencing must be dismissed or construed as a § 2255 motion. *Id.*, 218 F.3d at 452. If a petitioner can establish that the remedy under § 2255 is "inadequate or ineffective," the Savings Clause is invoked.

In this case, Petitioner attacks her federal conviction and sentence, but claims that she is entitled to bring her motion for relief under 28 U.S.C. § 2241 based on the Savings Clause of § 2255. The Fifth Circuit has held that "only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Although Petitioner was convicted in this jurisdiction, she is imprisoned in FDC Honolulu,

Hawaii. Therefore, if Petitioner wishes, she may file a § 2241 petition in the District Court of the District of Hawaii, which is authorized to make the savings-clause determination as it is her custodial court. *Id.*; *Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001). This Court, however, lacks jurisdiction to consider Petitioner's § 2241 petition.

### III. RECOMMENDATION

It is therefore recommended that Petitioner's § 2241 petition be dismissed without prejudice for lack of jurisdiction.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE